Filed 1/5/21  P. v. Bennett CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075071 |
| v. | (Super.Ct.No. FSB702182) |
| DARRIN DWAYNE BENNETT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Colin J. Bilash, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, after initially being charged with murder, plaintiff and appellant Darrin Dwayne Bennett pleaded guilty to voluntary manslaughter and admitted a gun

1

enhancement. In 2019, he sought resentencing pursuant to Penal Code section 1170.95 (section 1170.95), a statute recently enacted by Senate Bill No. 1437 (Senate Bill 1437). The trial court denied Bennett's petition, finding that he was not eligible for relief because he was not convicted of murder. We affirm.

Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Section 1170.95 "provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Larios* (2019) 42 Cal.App.5th 956, 964.)

Bennett argues here that section 1170.95 should be interpreted to apply not only to those convicted of murder, but those like him, who were charged with murder but accepted a plea offer to a lesser included offense. Such claims have been rejected by a number of appellate courts, including this one. (See *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916 (*Sanchez*) [rejecting contention that section 1170.95 applies to defendant who pleaded guilty to voluntary manslaughter after being charged with murder, and collecting cases].)

Bennett properly acknowledges this line of authority, contending only that it was wrongly decided and asking that we reach a different conclusion. We are not persuaded, and instead adopt the thoughtful analysis expressed by our colleagues in *Sanchez*.

## DISPOSITION

We affirm the order denying Bennett's section 1170.95 petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAPHAEL</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>SLOUGH</u>
J.

3